O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ROTHENBERG,<br><br>　　　　　　Plaintiff,<br>　　v.<br>CATHERINE MARIE FRAZIER; BANK OF AMERICA, N.A.; and DOES 1–10, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:13-cv-5729-ODW(JEMx)<br><br>**ORDER DISMISSING CASE** |

On August 12, 2013, the Court ordered Plaintiff Erik Rothenberg to file an amended complaint to address the jurisdictional problems in his Complaint. His First Amended Complaint ("FAC") advances five causes of action: two under federal law and three under state law. Once again, the two federal causes of action are insufficiently plead to invoke federal-question jurisdiction. And though he added Bank of America, N.A. as a Defendant, this is insufficient to invoke diversity jurisdiction. Thus, the Court concludes that it lacks subject-matter jurisdiction in this case and must dismiss the case. Fed. R. Civ. P. 12(h)(3).

## I.   LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint

need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2).  For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement."  *Id.*  Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice.  *Id.*  Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting his claim for relief.  *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

A court may dismiss a claim *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, so long as it affords the plaintiff notice and an opportunity to be heard on the matter. *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981).

## II. DISCUSSION

Rothenberg's FAC alleges two federal causes of action: Declaratory Relief under 28 U.S.C. § 2201, 2202; and Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. The first is insufficient by itself to invoke federal-question jurisdiction, and the second is insufficiently plead to properly state a claim.

**A. Rothenberg's FDCPA claim fails because Bank of America and Frazier are not creditors as a matter of law**

The purpose of the FDCPA is to eliminate abusive debt collection practices, including the harassment and abuse of consumers. 15 U.S.C. § 1692(e). "To effectuate this purpose, the Act prohibits a 'debt collector' from making false or misleading representations and from engaging in various abusive and unfair practices." *Izenberg v. ETS Servs., LLC.*, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008); 15 U.S.C. §§ 1692(d)–(f). Accordingly, "[t]o state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a debt." *Izenberg*, 589 F. Supp. 2d at 1199.

> A "debt collector" under the FDCPA is defined as
> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of

any debts, or who *regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6) (emphasis added).

The FDCPA expressly excludes from this definition any person collecting or attempting to collect a debt originated by that person. *Id.* § 1692a(6)(F)(ii). Moreover, "[t]he law is well-settled that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Costantini v. Wachovia Mortg. FSB*, No. 2:09–cv–0406–MCE–DAD, 2009 WL 1810122, at *3 (E.D. Cal. June 24, 2009) (internal alterations omitted) (quoting *Hepler v. Wash. Mut. Bank, F.A.*, No. CV 07–4804 CAS (Ex), 2009 WL 1045470 at *4, (C.D. Cal. Apr. 17, 2009)). And even more broadly, "most courts to examine this issue have concluded that foreclosure activity does not constitute 'debt collection'" under the FDCPA. *Trinh v. Citibank, NA*, No. 5:12-cv-03902 EJD, 2012 WL 6574860, at *7 (N.D. Cal. Dec. 17, 2012) (collecting cases).

Here, Rothenberg's allegations fall precisely within that exclusion. He alleges that Bank of America is a "debt collector" because it attempted to collect mortgage payments and mortgage arrears from him, and initiated a foreclosure proceeding on his property. (FAC ¶¶ 54–55.) But Bank of America was at the relevant times, a trustee and a beneficiary under the deed of trust, and not a debt collector as defined by the statute. (FAC Exs. A, B.) Rothenberg offers nothing other than legal conclusions of fraud to show that Bank of America was not a creditor, mortgagor, or mortgage servicing company. Fraud pleadings are subject to an elevated standard, requiring a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Particularity" means that fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–06 (9th Cir. 2003).

Simply alleging that the assignments are fraudulent is not enough—Rothenberg must demonstrate how Bank of America is not his mortgagor and creditor. But in

light of the prima facie evidence that Bank of America is a mortgagor and creditor of Rothenberg, the Court does not see how Rothenberg can provide sufficient factual content to cast Bank of America outside the statutory exclusion.

Further, Rothenberg alleges that Frazier fraudulently notarized documents and participated in a conspiracy to deprive Rothenberg of his real property. (FAC ¶ 19.) But there are no allegations suggesting that Frazier is a debt collector as defined under the FDCPA—she is a mere notary. (FAC ¶ 8.) Even if Frazier's alleged forging of documents is true, the Court does not see how one could construe that conduct into acts that could be redressed under the FDCPA.

**B.     The Declaratory Judgment Act does not confer original jurisdiction**

It is well settled that the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is "procedural only" and does not extend the original jurisdiction of the federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950). Having discussed the defects in the FDCPA cause of action, this Declaratory Judgment cause of action alone is insufficient to invoke federal-question jurisdiction.

**C.     Rothenberg fails to establish diversity jurisdiction**

Without a federal cause of action, only a sufficient showing establishing diversity jurisdiction can save this lawsuit from dismissal for lacking subject-matter jurisdiction. But Rothenberg fails to do so despite his conclusion that this case is a suit "between diverse citizens that involve an amount in controversy in excess of $75,000.00." (Compl. ¶ 4.) In fact, Rothenberg pleads himself out of diversity jurisdiction—he alleges that he an individual residing in California, and that Frazier is also an individual residing in California. (Compl. ¶¶ 6, 8.) Diversity of citizenship requires that the parties be "citizens of different States." 28 U.S.C. § 1332(a)(1).

### III.     CONCLUSION

For the reasons discussed, the Court hereby **DISMISSES WITH PREJUDICE** Rothenberg's FDCPA claim. The Court declines supplemental jurisdiction on the remaining state-law claims because there is no independent basis for subject-matter

jurisdiction over these claims. Accordingly, the Court also **DISMISSES** Rothenberg's claim under the Declaratory Judgment Act. This Clerk of Court is ordered to close this case.

**IT IS SO ORDERED.**

September 11, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**